IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Moretha Harding, *et al.*,                                                            Case No. 3:06CV684

        Plaintiffs,

    v.                                                                                    TEMPORARY RESTRAINING ORDER

City of Toledo, *et al.*,

        Defendants.

This is a housing discrimination case. Plaintiffs are three disabled individuals (Timothy Miller, Dana Howey, and Gerald Oakes) who live at 3842 Talmadge Avenue in Toledo and Moretha Harding, the operator of the adult living home in which they reside. Defendants are the City of Toledo, Mayor Carlton Finkbeiner, Rosalie L. Reynolds and Doukides Properties, LLC.

Plaintiffs contend defendants are violating the Fair Housing Act of 1988, the Rehabilitation Act of 1974, the Civil Rights Act of 1981, the Americans with Disabilities Act, the Equal Protection Clause of the Fourteenth Amendment to U.S. Constitution and O.R.C. § 4112 *et seq*. Jurisdiction exists pursuant to 28 U.S.C. § 1331.

Pending is plaintiffs' motion for a temporary restraining order to prevent defendants from, *inter alia*, taking actions that would lead to the residents' removal from the home on Talmadge Avenue.

## Discussion

The City of Toledo has an ordinance requiring at least 500 feet to separate group homes. Harding operates a group home on Talmadge Avenue and another on Graceway Avenue. The two

homes are within 500 feet of each other. Doukides Properties owns the Talmadge Avenue home and leases it to Harding.

Neighbors complained about the Talmadge Avenue home, prompting Toledo officials to charge Doukides Properties with a misdemeanor for violating Toledo Municipal Code Ordinance § 1117 on April 27, 2005. Doukides Properties pleaded no contest on December 9, 2005. The Toledo Housing Court postponed sanctions until later court proceedings. In response to the City's actions, Doukides Properties instituted eviction proceedings against the plaintiffs. The eviction hearing is scheduled for March 28, 2006, in Toledo Municipal Court.

Rosalie L. Reynolds, a neighbor, allegedly went to the Talmadge Avenue home on April 23, 2005, asked the residents why they were still in the home and later returned to try to videotape them.

Plaintiffs argue, *inter alia*, that Toledo officials misinterpret key provisions of city ordinances and violate federal laws banning discrimination against disabled individuals.

Plaintiffs seek a temporary restraining order to prevent the city from: 1) requiring plaintiffs to reside more than 500 feet from another group home; 2) interpreting ordinances in a manner that plaintiffs say is contrary to city ordinances and federal law; 3) and prosecuting the criminal case against Doukides Properties.

Plaintiffs also want injunctions to prevent 1) Rosalie L. Reynolds from disturbing the quiet enjoyment of plaintiffs in the Talmadge Avenue home, and 2) Doukides Properties from engaging in court proceedings to evict plaintiffs from the Talmadge Avenue home.

A preliminary injunction is appropriate if: 1) the plaintiff has established a substantial likelihood or probability of success on the merits; 2) there is a threat of irreparable harm to the plaintiff; 3) issuance of the injunction would cause substantial harm to others; and 4) whether the

public interest would be served by granting injunctive relief. *Chabad v. City of Cincinnati,* 363 F.3d 427, 432 (6th Cir. 2004); *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000).

With respect to a temporary restraining order against Reynolds, preliminary relief is not warranted because plaintiffs do not allege she recently harassed or bothered the residents of the Talmadge Avenue home. Indeed, plaintiffs mention only one incident, which occurred more than a year ago, involving Reynolds. Thus, there is no fear of irreparable harm to plaintiffs from any actions by Reynolds.

Other preliminary relief, however, is available. Plaintiffs state the residents of the Talmadge Avenue home have mental disabilities which would make them suffer mental harm and anguish on receiving an eviction notice. The most effective way to maintain the status quo in this situation is to temporarily enjoin Doukides Properties from evicting plaintiffs until proceedings for a preliminary injunction can be held.[1]

Plaintiffs have persuaded me by clear and convincing evidence that: 1) the movants' factual assertions on the record before this court are likely to be established, and once established, the movants are more than likely to succeed on the merits of their claims; 2) without a temporary restraining order against Doukides Properties, the movants will suffer immediate and irreparable injury; 3) the harm other individuals will suffer if the temporary restraining order is granted is outweighed by the harm the movants will suffer if the temporary restraining order is denied; and 4) the public interest will be furthered by the granting of a temporary restraining order.

---

[1] Because I find that enjoining Doukides Properties would stop plaintiffs from suffering any irreparable harm, I do not reach the issue of whether to enjoin city officials.

Therefore, Doukides Properties is enjoined from engaging in any proceedings or actions to evict the plaintiffs from the home at 3842 Talmadge Avenue.

Unless the parties negotiate an agreement for an alternate timetable, the following schedule shall govern the case: A hearing will be held for a preliminary injunction at 8:30 a.m. Tuesday, April 4. Plaintiffs will file a brief in support of their request for a preliminary injunction by 5 p.m. Friday, March 31. Defendants will respond by 5 p.m. Monday, April 3. Any negotiated timetable reached by the parties – and with input from my staff regarding available dates and times – must not schedule the preliminary injunction hearing for more than 20 days past March 27, the date when the temporary restraining order was granted.

## Conclusion

In light of the foregoing, it is

ORDERED THAT:

1) Plaintiffs' motion for a temporary restraining order enjoining Doukides from engaging in eviction proceedings against the plaintiffs shall be, and hereby, is granted;

2) Plaintiffs' motion for a temporary restraining order shall be, and hereby, is denied in all other respects.

3) A hearing will be held for a preliminary injunction at 8:30 a.m. Tuesday, April 4, 2006. Plaintiffs to file a brief in support of their request for a preliminary injunction by 5 p.m. Friday, March 31, 2006. Defendants will respond by 5 p.m. Monday, April 3, 2006

4) Any negotiated timetable reached by the parties – and with input from my staff regarding available dates and times – must not schedule the preliminary injunction hearing for more than 20 days past March 27, 2006, the date when the temporary restraining order was granted.

So Ordered.

<u>/s/ James G. Carr</u>
James G. Carr
Chief Judge