IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Moretha Harding, et al.,                                    Case No. 3:06CV684

                Plaintiffs,

      v.                                                              ORDER

City of Toledo, et al.,

                Defendants.

This is a suit by a [now former] tenant of residential premises in Toledo, Ohio, who ran a state licensed residential facility on those premises for persons with disabilities who need to live in an assisted living facility. Three individuals, who formerly resided in the premises, are also plaintiffs.

Group homes of the sort run by the plaintiff must, pursuant to Toledo ordinances, be located at least 500' apart. The premises occupied by the plaintiffs were within 500' of a similar facility, which was in existence at the time the plaintiffs' occupancy began.

Following protests by neighbors, the City prosecuted the landlord in the Toledo Municipal Court. That court found the landlord guilty of violations of the Toledo Housing Code. Before proceeding with sentencing, the Municipal Judge gave the landlord an opportunity to cure the violation.

Present counsel for the plaintiffs sought unsuccessfully, and somewhat at the last minute, to deflect that prosecution by arguing that the City should accommodate the plaintiffs by permitting them to remain on the premises – in effect, to waive the 500' requirement for them and their residence.

In furtherance of that opportunity presented by the Judge to avoid penal sanction, the landlord threatened to institute, and in due course instituted eviction proceedings.

In the meantime, plaintiffs formally asked the City to waive the zoning requirement, thereby giving them an accommodation which they considered reasonable under the ordinance. Thereby the plaintiffs sought ratification of the status quo created by their tenancy and occupancy.

The City never responded to that request.

When they filed this suit plaintiffs sought to restrain the proceedings in the Toledo Municipal Court. I issued a "time out" temporary restraining order. Later I overruled plaintiffs' motion for a preliminary injunction.

Plaintiffs have vacated the premises. Plaintiffs, however, continue to press their claim in this suit for damages. The gravamen of that claim is the City's alleged failure to have granted a reasonable accommodation – i.e., to waive the 500' restriction. Such waiver would have permitted them to remain undisturbed in the premises.

Pending are counter-motions for summary judgment. On review of those motions, I conclude that there are certain aspects of this case that remain either inadequately considered or unaddressed.

Plaintiffs, as noted, occupied the premises before seeking approval from the City. What effect does that fact have on their ability to maintain this suit at this point – i.e., to seek damages?

Plaintiffs premise their claim for accommodation on the lack of harm to the City that would arise from allowing them to remain where they were. That contention overlooks, however, the illegality, *ab initio*, of their occupancy. In other words, aren't they complaining about, and trying to recover for a wound that, at least in part if not in whole, is self-inflicted?

2

The City, on the other hand, appears to be proceeding from the position that the 500' spacing requirement is, without more, reasonable accommodation. That requirement is a codification of a settlement of an earlier suit, which challenged a then-extant 990' spacing requirement.[1]

Taken to its logical conclusion, the City's contention would foreclose entirely any effort to seek an accommodation of the sort that the plaintiffs wanted here. Such foreclosure would, at least arguably, contravene the general rule that accommodations, to be reasonable, have to be individualized. *See, e.g., U.S. v. Calif. Mobile Home Park*, 29 F.3d 1413, 1418 (9th Cir. 1994).

In any event, by not responding to plaintiffs' request for an accommodation/waiver, the City has not defined or established the burdens that would have resulted in this specific instance had an accommodation been granted.[2] This makes adjudication of the reasonableness of the requested accommodation an exercise in speculation, thereby impeding, if not precluding plaintiffs' ability to meet their burden, *see, e.g., Oconomowoc Residential Programs, Inc. v. City of Milwaukee*, 300 F.3d 775, 783 (7th Cir. 2002), of showing that a proposed accommodation is reasonable.

Alternatively, the City might contend that it had no duty to consider a *post-hoc* request for an accommodation where occupancy was illegal in the first instance.

---

[1]

Plaintiffs present counsel represented the plaintiffs in the former litigation. The present plaintiffs were not parties to that suit.

[2]

To be sure, the City claims in this suit that granting the plaintiffs' request for an accommodation would have abrogated the 500' requirement. This floodgates contention is simply another way of saying that plaintiffs have no right to request an accommodation because the 500' requirement is itself all the accommodation to which the plaintiffs are entitled.

3

As noted, these are issues that the parties have not considered, much less researched and argued to me. Before proceeding further with my consideration of their pending motions, I desire hear their views on these issues.

Before even doing that, however, I will set this case for a settlement conference; if settlement does not occur, a date for oral argument on the pending motions shall be set.

It is, therefore,

ORDERED THAT this case be, and the same hereby is set for a settlement conference on Monday, February 26, 2007, at 8:30 a.m. before the undersigned; prior order re. *ex parte* narrative settlement statements and attendance of parties confirmed.

So ordered.

<u>s/James G. Carr</u>
James G. Carr
Chief Judge

4