**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Moretha Harding, et al. | ) | Case No:  3:06-CV-684 |
| | ) | |
| Plaintiffs, | ) | Chief Judge James G. Carr |
| | ) | |
| v | ) | **Consent Decree** |
| | ) | |
| City of Toledo, et al. | ) | |
| | ) | |
| Defendants. | ) | |

\*     \*     \*     \*

The parties have reached an agreement to resolve this lawsuit.  It is, therefore, mutually agreed, subject to approval by the Court as follows:

1.      It is expressly understood and agreed by the parties that this Consent Decree addresses solely the establishment of the procedure by the Defendant City of Toledo to receive and determine requests for reasonable accommodations.  Within 180 days of the entry of the Consent Decree, the Defendant City of Toledo, with the assistance of Advocates for Basic Equality, Inc. (ABLE), shall adopt a reasonable accommodation procedure that allows persons with disabilities and housing providers for persons with disabilities to request accommodation in connection with their requests to build, modify, use, or operate housing in the City of Toledo. The guidelines and procedure are as follows:

       a.      This guideline provides a procedure to request reasonable accommodation for persons with disabilities seeking equal access to housing under the Rehabilitation Act, the Americans With Disabilities Act, the Federal Fair Housing Amendments Act and the Ohio Fair Housing Act (the Acts) in the application of the City of Toledo's building codes, zoning laws, and other land use regulations, policies and procedures.

b.      A request for reasonable accommodation may be made by any person with a disability, as defined in the Acts, or by an entity or person acting on behalf of a person or persons with disabilities or handicaps to provide or secure equal opportunity to use and enjoy a dwelling and/or otherwise receive services or participate in programs or activities provided by the City when the application of a City of Toledo building code, zoning law or other land use regulation, policy or practice acts as a barrier to such equal opportunities.  As defined in the Acts, a person with a disability is a person who has a physical or mental impairment that limits or substantially limits one or more major life activities, anyone who is regarded as having such impairment, or anyone who has a record of such impairment.

c.      A request for reasonable accommodation may include a modification or exception to rules, standards and practices when such modification or exception is necessary to eliminate regulatory barriers and provide a person with a disability with equal opportunity to use and enjoy a dwelling and/or to otherwise receive services or participate in programs or activities provided by the City.  Requests for reasonable accommodation shall be made to the Office of the Chief Building Official or the Board of Zoning Appeals on a form to be developed by the City of Toledo.

2.      Within 90 days after the entry of the Consent Decree, The Office of the Chief Building official, the Board of Zoning Appeals and the Mayor's Commission on Disabilities shall be made aware of the City of Toledo's duties and obligations under the Court's order as well as under the Acts.

3.      The City of Toledo shall conspicuously post written notice to all persons who seek a permit to build, use or operate housing in the City of Toledo that the City does not discriminate on the basis of disability in housing, that the City has a procedure for requesting a reasonable accommodation, and whom they must contact to receive information regarding the reasonable accommodation process.

4.      The City of Toledo will keep this procedure in place for at least 2 years from the date it becomes effective.  The City of Toledo shall retain records relating to implementation of all provisions of the Consent Decree for a period of 2 years from the date it implements the reasonable accommodation procedure.  These records shall contain the requests for reasonable accommodations sought, the date sought, and the disposition by the Office of the Chief Building Official or Board of Zoning Appeals, and the date the disposition was rendered.  ABLE will monitor compliance with this procedure for 2 years and upon reasonable notice ABLE shall be permitted biannually (twice a year) to inspect to the City of Toledo's records relating to implementation of all provisions of this Consent Decree during this time.

5.      Upon any failure by the City, whether willful or otherwise, to perform in a timely manner any act required by this Consent Decree, or in the event of any other material act by the City violating any provision of this Consent Decree, any plaintiff in the above-captioned complaint may move this Court to impose any remedy authorized by law or equity, including but not limited to an order requiring performance of an act, deeming an act to have been performed or awarding any damages, costs and/or attorneys' fees that may be occasioned by the City's violation of this Consent Decree.  The parties will endeavor in good faith to resolve informally any difference regarding the interpretation of, or compliance with, this Consent Decree prior to bringing such matters to the Court for resolution.

Date:  May 30, 2007                     /s/ Janet E. Hales
                                        Janet E. Hales
                                        Attorney for Plaintiff Moretha Harding

Date:  May 30, 2007                     /s/ Richard Alston
                                        Richard Alston
                                        Attorney for Plaintiffs Timothy Oakes,
                                        Gerald Oakes, and Dana Howey.

Date:  May 30, 2007                     /s/ John Madigan
                                        John Madigan
                                        Representative for City of Toledo

**IT IS SO ORDERED:**

Date:  _6/4/07_                          s/ James G. Carr
                                        Chief Judge James G. Carr